Jeffrey D. Cohen
Eric C. Palombo
**COHEN &MERRICK PC**
125 Coulter Avenue, Suite 1000
Ardmore, PA 19003
Telephone: 215-609-1110
Facsimile: 215-609-1117
Email: jcohen@freightlaw.net
Email: epalombo@freightlaw.net
*Attorneys for CSX Transportation, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CSX Transportation, Inc.**<br><br>    Plaintiff,<br><br>    v.<br><br>**Lincoln Recycling Services, LLC**<br>           Defendant. | CASE NO: |

## COMPLAINT

Plaintiff CSX Transportation. Inc., by and through its attorneys, files this Complaint against defendant Lincoln Recycling Services, LLC, and in support thereof, avers as follows:

## PARTIES

1.  Plaintiff, CSX Transportation, Inc. ("CSX") is a corporation incorporated under the laws of the Commonwealth of Virginia with its principal place of business in Jacksonville, Florida.

2.  CSX operates as an interstate rail carrier subject to the jurisdiction of the U.S. Surface Transportation Board ("STB"), and is governed by the provisions of the Interstate Commerce Act, 49 U.S.C. § 10101, *et seq.*

3. Lincoln Recycling Services, LLC ("Lincoln") is an Ohio liability company with its principal place of business in Chagrin Falls, Ohio.

4. Lincoln operates a facility in North Bergen, New Jersey (the "Facility").

## JURISDICTION

5. Jurisdiction is based upon 28 U.S.C § 1337 as this is a cause of action arising under the Interstate Commerce Act, 49 U.S.C. § 10101 *et seq*.

6. Additionally, the Court has supplemental jurisdiction over claims II, III and IV pursuant to 28 U.S.C. § 1367, as those claims are so interrelated with the claims in Count I and arise from a common nucleus of operative facts such that the adjudication of Counts II, III, IV with Count I furthers the interest of judicial economy.

## VENUE

7. Venue properly lies in this district pursuant to 28 USC § 1391(b) because the defendant is subject to personal jurisdiction in this judicial district, and a substantial part of the events or omissions giving rise to the plaintiff's claims occurred in this judicial district.

## Count I
### (Failure to Pay Demurrage Charges)

8. CSX incorporates all preceding paragraphs as if fully set forth at length herein.

9. As mandated by 49 U.S.C. § 10746, CSX established rules related to the assessment and computation of rail car demurrage and storage charges ("Demurrage Charges").

10. The rules, which set forth the manner in which Demurrage Charges are accrued and assessed, are set out in CSX tariff 8100 including terms incorporated into the tariff (the "Tariff") which is a public tariff posted on the internet.

11. Pursuant to the terms of the Tariff, CSX agreed to and did release rail cars into the possession of Lincoln, and Lincoln accepted delivery of said rail cars at the facility.

12. Prior to the delivery of the aforementioned cars, CSX provided Lincoln with actual written notice of the terms of the Tariff.

13. Lincoln failed to return possession of railroad-controlled rail cars to CSX within the allotted "free time" prescribed by the demurrage rules, and as a result accrued Demurrage Charges in accordance with the terms of the Tariff.

14. Additionally, Lincoln stored privately owned railcars on CSX track, and as a result accrued Demurrage Charges in accordance with the terms of the Tariff.

15. CSX submitted invoices to Lincoln for the Demurrage Charges and Lincoln received these invoices.

16. CSX has performed all conditions precedent necessary to be entitled to payment of the charges from Lincoln.

17. Although demand has been made for payment of the Demurrage Charges, Lincoln has failed or otherwise refused to pay said charges.

**Count II**
**(Failure to Pay Rail Carrier Accessorial Charges)**

18. CSX incorporates all preceding paragraphs as if fully set forth at length herein.

19. By accepting rail cars from CSX, Lincoln agreed to the terms of CSX's tariff.

20. Beginning in or about July of 2019, pursuant to the terms of CSX's tariff, CSX agreed to and did release rail cars into the possession of Lincoln, and Lincoln accepted delivery of said rail cars.

21. After Lincoln accepted the rail cars released by CSX into the possession of Lincoln, Lincoln failed to timely submit bills of lading to CSX and/or overloaded railcars accruing additional charges (the "Accessorial Charges").

22. Each of these acts call for the accrual of the Accessorial Charges.

23. Since July of 2019, Lincoln accrued, and CSX billed Lincoln $5,000.00 for the Accessorial Charges.

24. CSX submitted invoices to Lincoln for the Accessorial Charges that Lincoln accrued since July of 2019.

25. Although demand has been made for payment of the Accessorial Charges, Lincoln has failed and refused to pay said charges.

26. As a direct and proximate result of Lincoln's failure to pay the Accessorial Charges, CSX has been damaged in the amount of the Accessorial Charges plus late fees, finance charges, attorneys' fees and costs.

### Count III
### (Failure to Pay Unjust Enrichment (in the alternative))

27. CSX incorporates all preceding paragraphs as if fully set forth at length herein.

28. At Lincoln's request, CSX conferred a benefit to Lincoln when CSX provided, and Lincoln accepted, CSX's services.

29. The circumstances were such that Lincoln believed or reasonably should have believed that CSX expected Lincoln to pay for the services CSX rendered.

30. CSX has suffered a loss of in the amount of $5,000.00 as a direct and proximate result of Lincoln's failure to pay for the services CSX rendered.

31. The circumstances are such that Lincoln's use of CSX's services without payment for the Accessorial Charges make it inequitable for Lincoln to retain the benefit CSX bestowed upon Lincoln.

32. CSX is entitled to damages in the amount of at least $5,000.00, which represents the reasonable and fair value of the services CSX rendered to Lincoln.

### Count IV
**(Account Stated (in the alternative))**

33. CSX incorporates all preceding paragraphs as if fully set forth at length herein.

34. Lincoln accrued the Accessorial Charges agreed to pay CSX for the accrual of such charges.

35. During the time of Lincoln's accrual of the Accessorial Charges, CSX maintained an accurate and running account of all debts for Lincoln's account.

36. CSX performed all of its obligations under the agreement with Lincoln.

37. CSX submitted written accounts to Lincoln accurately showing all debts owed by Lincolns for its accrual of the Accessorial Charges, which amounts to $5,000.00.

38. Although CSX has demanded payment for the balance due, Lincoln has failed to pay.

39. Lincoln has agreed to, assented, or acquiesced in the correctness of the account.

**WHEREFORE**, Plaintiff CSX Transportation, Inc., respectfully demands that judgment be entered in its favor and against Defendant Lincoln Recycling Service, LLC in an amount to be determined at trial including any further demurrage and storage charges that may accrue up until the time of trial, along with prejudgment interest, finance charges, late fees and costs and attorneys' fees pursuant to CSX Transportation, Inc.'s Tariff 8100 and any other relief as the Court may allow.

                                        **COHEN & MERRICK P.C.**

By: */s/ Jeffrey D. Cohen*
      Jeffrey D. Cohen
      Eric C. Palombo

Dated: September 1, 2021